United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT INVESTMENTS, LLC, | No. C-12-5861 (DMR) |
| Plaintiff(s), | **ORDER GRANTING IFP APPLICATION AND REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO ALAMEDA SUPERIOR COURT OF CALIFORNIA** |
| v. | |
| SANDY PROCTOR, | |
| Defendant(s). | |

Defendant Sandy Proctor removed this case pursuant to 28 U.S.C. §§ 1441 and 1443 from Alameda County Superior Court, where it was pending as a complaint for unlawful detainer against Defendant. The Notice of Removal states two grounds for removal: that the Complaint presents a federal question such that the case could have originally been filed in this Court and that the Alameda County Superior Court has violated Defendant's civil rights. (Notice of Removal ¶¶ 1, 6-15.) Defendant has also filed an application to proceed *in forma pauperis* ("IFP").

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this

case to a District Judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

## I. IFP Application

Having evaluated Defendant's financial affidavit, the Court finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the IFP application. The Court next turns to the issue of subject matter jurisdiction.

## II. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831.

With respect to removal jurisdiction pursuant to section 1441, Defendant's Notice of Removal cites to various federal statutes, 18 U.S.C. §§ 472-74 and 31 U.S.C. § 31, and notes that Plaintiff used the United States Post Office to serve its complaint. (Notice of Removal ¶¶ 15.) Defendant alleges that Plaintiff violated these statutes and committed mail fraud, and that these actions give the court original jurisdiction over the case. However, the complaint that Plaintiff filed in Alameda County Superior Court simply alleges a state cause of action for unlawful detainer. (*See generally Compl.*) Whatever Defendant intends to argue in response to this allegation does not give

rise to removal jurisdiction. *See Gross Mortg. Corp. v. Al-Mansur*, No. 12-4122 YGR, 2012 WL 3277082, at *2-3 (N.D. Cal. Aug. 9, 2012).

According to Defendant's Notice of Removal, a federal question arises under 28 U.S.C. § 1443[1] because the Alameda County Superior Court, in conjunction with Plaintiff SGT Investments, LLC, has unspecified policies that deprive Plaintiff of her right to a jury trial, to conduct discovery, to present witnesses, and to file a cross-complaint. (Notice of Removal ¶¶ 7, 11-13, 20, 26-27.) Under section 1443, however, Defendant must satisfy a two-part test to sustain removal: she must (1) "assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and (2) "assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Bank of Am., N.A. v. Richards*, No. 10-1062 CW, 2010 WL 1525728, at *2 (N.D. Cal. Apr. 15, 2010) (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006)) (quotation marks omitted). Even if Defendant satisfies the first prong, she fails to satisfy the second, as she has not cited any state law that suggests that the Alameda County Superior Court will not enforce her federal rights. Defendant has not established that the Court has subject matter jurisdiction over this action.

### IV. Conclusion

For the reasons above, the court grants Defendant's IFP application, and recommends that this action be remanded to the Alameda County Superior Court. The Clerk is directed to reassign this case to a District Judge.

---

[1] Section 1443 states:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
§ 1443.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: December 21, 2012



DONNA M. RYU
United States Magistrate Judge